**Chester C. WRIGHT, Appellant**

v.

**UNITED STATES, Appellee.**

**Nos. 06–CO–1053, 07–CO–893.**

District of Columbia Court of Appeals.

Argued Feb. 19, 2009.
Decided Aug. 27, 2009.

---

M. Elizabeth Kent, Washington, appointed by the court, for appellant.

Peter S. Smith, Assistant United States Attorney, with whom Jeffrey A. Taylor, United States Attorney at the time the brief was filed, Roy W. McLeese, III, Assistant United States Attorney, and Florence Pan, Assistant United States Attorney at the time the brief was filed, were on the brief, for appellee.

Before REID and BLACKBURNE–RIGSBY, Associate Judges, and TERRY, Senior Judge.

TERRY, Senior Judge:

These two consolidated appeals are taken from the trial court's denial of appellant's two motions to vacate his sentence pursuant to D.C.Code § 23–110 (2001). In those motions appellant contended that he received ineffective assistance of counsel at his trial and that the government violated his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We hold that his claims lack merit and affirm the denial of both motions.

I

On October 7, 1991, District of Columbia Corrections Officer Ronald Richardson was scheduled to testify at the criminal trial of Michael Page in the Superior Court. As he prepared to leave his home to go to court that day, Richardson was shot and killed in his driveway.

In 1992 appellant Wright and four co-defendants were indicted on numerous counts stemming from the murder of Officer Richardson. Three co-defendants were severed for various reasons, and appellant Wright and one co-defendant, Navarro Hammond, were tried together in January 1997.[1] Both men were convicted of various offenses, including first-degree

---

1. The trial was delayed after the court granted motions to suppress certain statements by Hammond, Wright, and a third defendant. The government noted a pretrial appeal from that ruling, and in August 1996 this court reversed the suppression order and remanded the case for further proceedings. *United States v. Hammond,* 681 A.2d 1140 (D.C.1996) (*"Hammond I"*). After two brief continuances, the trial of Hammond and Wright began on January 6, 1997.

murder while armed and conspiracy to commit that offense.

Briefly summarized, the evidence at trial showed that on October 7, 1991, two men jumped out of a burgundy van and shot Officer Richardson in the head and body. Appellant testified on his own behalf and denied any involvement in the murder. He claimed that he had spent the weekend before the shooting with a co-defendant at the latter's apartment. Government witnesses testified, however, that before the shooting appellant had said he "wanted to give someone all head shots," and that after the shooting he had told two people that he shot the victim in the head while a co-defendant, Bradley Sweet, shot him in the body. Appellant and Hammond were both found guilty of all the charges against them, except that appellant was acquitted of carrying a pistol without a license. This court affirmed both appellant's and Hammond's convictions on direct appeal, remanding only to vacate the judgment as to certain merged offenses. *Hammond v. United States,* 880 A.2d 1066 (D.C.2005) ("*Hammond II* ").[2]

In January 1997, shortly after his trial ended, appellant filed a *pro se* "motion to arrest judgment," and later he also filed a § 23–110 motion, alleging ineffective assistance of counsel. He obtained counsel for these post-trial proceedings, who in due course filed an amended § 23–110 motion. The latter motion raised allegations of prosecutorial misconduct and ineffective assistance of counsel, asserting *inter alia* that appellant's trial counsel had failed to subpoena four witnesses who were essential to establish an alibi defense. The trial court refused to address the claim of prosecutorial misconduct because this court had considered and rejected that argu-

ment on direct appeal. *See Hammond II,* 880 A.2d at 1107–1108. The court did hold a hearing to allow appellant to call the witnesses who had not testified at trial, but only two of those four witnesses could be located. Those two—appellant's mother and the mother of his daughter—testified but gave conflicting accounts of appellant's whereabouts on the day of the shooting. The court concluded that the decision not to call those witnesses was "entirely reasonable" and "a sound tactical decision ... because their conflicting account of activities during the weekend [before the murder] would have strengthened the government's case against [appellant]." Accordingly, the court denied the § 23–110 motion.

On March 19, 2007, appellant filed a second § 23–110 motion, alleging that the prosecutor had withheld material, exculpatory evidence under *Brady v. Maryland*— specifically, a transcript from the trial of Terry Pleasant (a co-defendant) and information relating to Michael Tinch. The court denied the second motion without a hearing, ruling that appellant did not provide any factual support for his claims, and that he had failed to explain how the information which allegedly should have been disclosed was exculpatory or would undermine confidence in the jury's verdict.

In these consolidated appeals from the orders denying both § 23–110 motions, appellant contends that the trial court erred when it denied each motion. We review the denial of a § 23–110 motion for abuse of discretion. *E.g., Thomas v. United States,* 772 A.2d 818, 824 (D.C.2001). We consider each motion in turn and conclude that the trial court did not abuse its discretion in either instance.

---

**2.** A more extensive summary of the evidence may be found in *Hammond II,* 880 A.2d at 1077–1078.

## II

■ The trial court did not abuse its discretion in denying appellant's first § 23–110 motion because he failed to show either that his counsel's performance was constitutionally deficient or that such deficiency (assuming there was any) resulted in prejudice to his defense.

■ To prevail on a claim of ineffective assistance of counsel, the movant must show that his counsel's representation fell below an objective standard of reasonableness and that he suffered prejudice as a result of the allegedly deficient performance. *Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Whether counsel rendered ineffective assistance is a mixed question of law and fact. We "accept the trial court's factual findings unless they lack evidentiary support in the record," but we review the trial court's legal conclusions *de novo.* *See Dobson v. United States,* 815 A.2d 748, 755 (D.C.2003).

We are satisfied, as was the trial court, that defense counsel's decision not to have the purported alibi witnesses testify at trial was "reasonable considering all of the circumstances." *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. At trial, appellant testified that he hung out with friends over the weekend and did not mention any alibi witnesses. At the § 23–110 hearing, however, the alibi witnesses contradicted appellant's trial testimony, as well as each other. For example, his mother said he was sick all weekend with a sore throat and stayed home, while his girl friend said he visited her and was yelling at her from below her balcony—a feat that would probably be difficult with a sore throat. Because these witnesses would have undermined appellant's own testimony and presented inconsistent alibis, trial counsel's decision not to call them was a tactical one, falling "within the wide range of

reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052.

■ Even assuming that appellant established deficient performance, he has failed to demonstrate any prejudice. The testimony of the alibi witnesses would not have undermined the government's evidence; on the contrary, it could well have strengthened the government's case. The government presented testimony that appellant was in close contact with other members of the conspiracy, and that appellant admitted to others that he shot Officer Richardson in the head. This proof of appellant's involvement was corroborated by ballistics and medical evidence. *See Hammond II,* 880 A.2d at 1103–1104. Thus appellant did not, and cannot, establish that but for his counsel's failure to call the purported alibi witnesses, the trial would have had a different outcome. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

■ Appellant also claims that the trial court erred by holding a "truncated" hearing on his motion, because it did not hear testimony from witnesses who provided affidavits and from his trial counsel. We review the trial court's decision to hold a hearing on a § 23–110 motion for abuse of discretion. *E.g., Lane v. United States,* 737 A.2d 541, 548 (D.C.1999). While a hearing is presumptively favored, it is not required if the "existing record provides an adequate basis for disposing of the motion." *Ready v. United States,* 620 A.2d 233, 234 (D.C.1993).

In this case, the court held a hearing to allow appellant to call witnesses who did not testify at his trial. Both of the witnesses who were present testified, and the court had affidavits from the other proposed alibi witnesses, some of whom had testified at trial. Under these circumstances, we find no abuse of discretion in

the court's failure to hold a longer hearing because the court had before it all of the information necessary to dispose of the motion. *See Ready,* 620 A.2d at 233–235 (affirming denial of § 23–110 motion without a hearing when appellant claimed ineffective assistance of counsel based on counsel's failure to call witness when the testimony of that witness would have been unnecessary).

### III

We also find no error in the court's denial of appellant's second § 23–110 motion, which alleged that the prosecutor "intentionally suppressed exculpatory and impeachment evidence," in violation of *Brady v. Maryland.* In the first place, the motion was procedurally barred as an abuse of the writ because appellant failed to meet the well-established "cause and prejudice" standard. Although he asserts that he did not receive or review the transcripts from Terry Pleasant's trial until 2006, and thus could not have raised these claims earlier, the record establishes that appellant's trial counsel received the transcripts during the trial.[3] Moreover, appellant raised claims relating to the testimony of Michelle Watson and Michael Tinch in his direct appeal. Thus appellant knew or should have known of his *Brady* claims at the time his direct appeal was filed, and certainly by the time of his first § 23–110 motion, and he has not shown cause for his failure to raise them earlier. *See Washington v. United States,* 834 A.2d 899, 904 (D.C.2003) (the fact that defendant did not receive materials from counsel did not constitute "cause" when defendant was present during trial

and would be aware of errors as they occurred).

Appellant also cannot show prejudice. None of the testimony from Pleasant's trial exculpated appellant, who, at the very least, would still be implicated as part of the conspiracy. *See Hammond II,* 880 A.2d at 1106 (evidence that appellant aided and abetted subjects him to liability). Thus the alleged *Brady* violations did not work to appellant's actual disadvantage or infect his trial with error of constitutional dimensions. *See Washington,* 834 A.2d at 902.

Even if the motion were not procedurally barred, the court did not err in denying it on the merits because no *Brady* violation occurred. To establish a *Brady* violation, the defendant must show (1) that there was evidence favorable to him, (2) that it was suppressed or concealed by the prosecution, and (3) that prejudice resulted. *Strickler v. Greene,* 527 U.S. 263, 281–282, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). To satisfy the prejudice requirement, the withheld evidence must be material. *Id.* at 280, 119 S.Ct. 1936.

In this case, the government did not suppress the materials or information on which appellant bases his claims. The transcripts from the Pleasant trial were supplied to defense counsel during appellant's trial. Michelle Watson testified at the trial, so her testimony could not have been suppressed because appellant and his counsel were present, and counsel was able to cross-examine her about any inconsistencies in her testimony,[4] or indeed about any subject at all that might have

3. The government's brief includes page references to the trial transcript showing that the prosecutor supplied the materials from Pleasant's case to defense counsel during appellant's trial.

4. We note also that, at appellant's trial, the prosecutor went to great lengths to bring an accurate version of Ms. Watson's testimony to the attention of the court and jury.

been relevant. Similarly, the government could not have suppressed Michael Tinch's statement because it never possessed that document. "If the government does not possess the requested information, there can be no *Brady* violation." *Guest v. United States*, 867 A.2d 208, 212 (D.C. 2005) (citations omitted). Furthermore, the court did not err in rejecting, for lack of factual support, appellant's assertion that the government attempted to elicit false testimony because appellant proffered only an unsigned, undated "affidavit" purporting to be from Tinch. The court did not abuse its discretion when it found this document insufficient to prove that the prosecutor attempted to solicit perjury, nor was it an abuse of discretion to decline to hold a hearing on this issue. *See Ready*, 620 A.2d at 234 (no hearing required for "palpably incredible" claims).

## IV

In sum, we find no abuse of discretion and no legal error, and accordingly, the orders denying appellant's two § 23–110 motions are both

*Affirmed.*